```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

ELAINE CHAO,                       )
SECRETARY OF LABOR,                )
UNITED STATES DEPARTMENT OF        )
LABOR,                             )         8:04CV388
                                   )
          Plaintiff,               )
                                   )      MEMORANDUM AND ORDER
     v.                            )
                                   )
NICHOLAS G. PATRINOS and           )
STRATEGIC MARKETING,               )
INNOVATIONS & SOLUTIONS,           )
INC.,                              )
                                   )
          Defendants.              )
_____
                                   )
ELAINE CHAO,                       )         8:06CV23
SECRETARY OF LABOR,                )
UNITED STATES DEPARTMENT OF        )
LABOR,                             )      MEMORANDUM AND ORDER
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   )
CHRISTINA KYRIAKOS PATRINOS        )
and STRATEGIC MARKETING,           )
INNOVATIONS & SOLUTIONS,           )
INC.,                              )
                                   )
          Defendants.              )
_____)
```

Plaintiff has filed a motion to consolidate two cases pending in this court. Christina Patrinos, a defendant named only in case number 8:06CV23 objects to the consolidation, claiming that the plaintiff, the Department of Labor, has missed the statute of limitations by not filing a motion to add her as a party defendant in 8:04CV388 in accordance with the court's progression order in that case. Defendant Christina Patrinos is both correct and incorrect.

She is correct that the plaintiff did violate the court's progression order in 8:04CV388 by not filing its motion to amend and add her as a party within the time allowed by the court's initial progression orders in that case, filing 14, paragraph 6, as later amended by order of February 11, 2005, an order extending the deadline for filing motions to add parties to March 25, 2005.  Filing 19.

However, the statute of limitations is a different matter. The period within which a complaint may be filed to enforce a claim is a matter established by statute, not court order. 29 U.S.C. § 255 establishes statutes of limitations for claims brought under the Fair Labor Standards Act.  The statute of limitations is different for different types of claims (two or three years) and is an affirmative defense, which defendant Christina Patrinos has raised in her *pro se* opposition to the motion to consolidate, but not in her answer.  It can be raised by amending her answer in this case and by filing a motion to dismiss any claims outside the applicable limitations period. Raising it in opposition to the motion to consolidate, however, does not preserve it.

Plaintiff says it was granted leave in the United States Bankruptcy Court to file an amended complaint in the first case originally filed in this court, and the amended complaint was filed in the Bankruptcy Court naming Christina Patrinos a defendant on January 26, 2006.  Filing 40, page 3.  Nothing filed in this court reflects any ruling by the bankruptcy judge on whether the filing of the amended complaint in the Bankruptcy Court "relates back" to the date of the filing of the original action in this court.  The second suit in this court, naming Christina Patrinos a defendant, was filed January 20, 2006.

In light of the lack of a complete record, I shall grant the motion to consolidate.  If defendants or any of them properly raises the statue of limitations as a defense, then this court will resolve the issue.  Meanwhile, however, it is clear that both cases contain common issues of fact and law and under the provisions of Fed. R. Civ. P. 42, should be consolidated.

One other matter remains.  There are no appearances by attorneys filed in behalf of any of the defendants.  If defendants claim they have insufficient funds to hire attorneys to represent them, they may file motions to proceed *in forma pauperis* on forms available in the clerk's offices, and they may qualify for the appointment of counsel.  If not, they may wish to contact the Omaha Bar Association's Lawyer Referral Service and/or Legal Aid of Nebraska.  Alternatively, they may be eligible for representation through the Nebraska State Bar Association's Volunteer Lawyer Project.  The corporation defendant cannot proceed in this court without counsel. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996); United States v. Van Stelton, 988 F.2d 70 (8th Cir. 1993); Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983).  Therefore, if the corporation does not appear through counsel, it may be in default.

  IT THEREFORE HEREBY IS ORDERED:

  1.  The motion for consolidation, filing 40 in 8:04CV388 and filing 5 in 8:06CV23, is granted.  These cases shall proceed as separate cases but shall be tried as if they were one case.  All filings shall be filed in the case file to which they apply.  At the time of the final pretrial conference one joint pretrial order shall be prepared in accordance with NECivR 16.1.

  2.  The defendants are given until June 30, 2006 to either have attorney(s) file appearances in their behalves, file motions to be appointed counsel, stating what efforts they have made to obtain the services of counsel on their own, or statements that they will proceed without counsel.

3

3. Defendants, either *pro se* or through counsel, and counsel for the plaintiff shall meet in accordance with NECivR 26 and Fed. R. Civ. P. 26(f) for purposes of planning the schedule of these cases, and shall submit their joint Report of Parties' Planning Meeting on or before July 14, 2006.

DATED this 7th day of June, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4