IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAINE CHAO, SECRETARY ) | 8:04CV388 | |
| OF LABOR, UNITED STATES ) | | |
| DEPARTMENT OF LABOR, ) | | |
| ) | | |
| Plaintiff, ) | **MEMORANDUM** | |
| vs. ) | **AND ORDER** | |
| ) | | |
| NICHOLAS G. PATRINOS and ) | | |
| STRATEGIC MARKETING, ) | | |
| INNOVATIONS & SOLUTIONS, ) | | |
| INC., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ | | |
| ELAINE CHAO, SECRETARY ) | 8:06V23 | |
| OF LABOR, UNITED STATES ) | | |
| DEPARTMENT OF LABOR, ) | | |
| ) | | |
| Plaintiff, ) | **MEMORANDUM** | |
| vs. ) | **AND ORDER** | |
| ) | | |
| CHRISTINA KYRIAKOS PATRINOS ) | | |
| and STRATEGIC MARKETING, ) | | |
| INNOVATIONS & SOLUTIONS, INC.,) | | |
| ) | | |
| Defendants. ) | | |

    Christina Kyriakos Patrinos, a named defendant in Case No. 8:06cv23, has filed a "motion to dismiss any claims outside 29 U.S.C. 255 two year statute of limitations," which I construe as a motion to dismiss the complaint against her for failure to state a claim upon which relief can be granted, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Although these cases have been consolidated for

trial (see Memorandum and Order entered by Magistrate Judge Piester on June 8, 2006), Ms. Patrinos is not a defendant in Case No. 8:04CV388. Consequently, I will order her motion stricken from the court file in that case (filing 52). With respect to Case No. 8:06CV23, however, her motion (filing 9) will be denied.

"[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004), quoting Wycoff v. Menke, 773 F.2d 983, 984-985 (8th Cir.1985). "A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant a grant of relief." Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir.), cert. denied, 126 S.Ct. 2969 (2006). Although it is not entirely clear from the complaint, the government represents in its brief that "Defendants first violated the FLSA on February 1, 2004, by failing to pay their employees' wages." (Filing 11, at 2.)[1] Because the government's complaint was filed on January 20, 2006, it appears that the action may be timely, either in whole or in part, under 29 U.S.C. § 255(a) (providing that an action "to enforce any cause of action for unpaid wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . . may be commenced within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued").

Accordingly,

---

[1] The government's brief was erroneously docketed by counsel on the court's CM/ECF system as an "objection," causing it to appear on the court's motion list. Our local rules specify that "[t]he party opposing a motion shall not file an 'answer,' or 'opposition,' 'objection,' or 'response' to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon." NECivR 7.1(b)(1)(A). The clerk's office will be instructed to modify the docket entry.

IT IS ORDERED that:

1.	The motion to dismiss filed by Christina Kyriakos Patrinos in Case No. 8:04CV388 (filing 52) is stricken.

2.	The motion to dismiss filed by Christina Kyriakos Patrinos in Case No. 8:06CV23 (filing 9) is denied.

July 26, 2006.	BY THE COURT:

	s/ *Richard G. Kopf*
	United States District Judge